| | |
|---|---|
| 1 | David A. Garcia CA Bar No. 218356 |
| 2 | david.garcia@ogletree.com<br>OGLETREE, DEAKINS, NASH, |
| 3 | SMOAK & STEWART, P.C.<br>Park Tower, Fifteenth Floor |
| 4 | 695 Town Center Drive<br>Costa Mesa, CA  92626 |
| 5 | Telephone:   714-800-7900<br>Facsimile:    714-754-1298 |
| 6 | Erica J. Chee CA Bar No. 255720 |
| 7 | erica.chee@ogletree.com<br>OGLETREE, DEAKINS, NASH, |
| 8 | SMOAK & STEWART, P.C.<br>Wells Fargo Tower |
| 9 | Suite 1500<br>3800 Howard Hughes Parkway |
| 10 | Las Vegas, NV  89169<br>Telephone:   702-369-6800 |
| 11 | Facsimile:    702-369-6888 |
| 12 | Attorneys for Plaintiff Red Pill VR, Inc. |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| RED PILL VR, INC. a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDPILL CANADA VR, INC., a Canadian corporation; MARC-ANTOINE PINARD, an individual, DOMINIQUE ROUSSY, an individual, JEREMY COOPERSTOCK, an individual, AND PARMINDER SINGH, an individual,<br><br>Defendants. | Case No. 2:20-cv-08706<br><br>**DECLARATION OF DAVID A. GARCIA IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ISSUE A PRELIMINARY OR PERMANENT INJUNCTION**<br><br>Complaint Filed: September 22, 2020<br>Trial Date:         None<br>District Judge:   Hon. Stephen V. Wilson<br>Magistrate Judge: Hon. Jacqueline Choolijian |

Case No. 2:20-cv-08706

**DECLARATION OF DAVID A. GARCIA IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ISSUE A PRELIMINARY OR PERMANENT INJUNCTION**

I, David A. Garcia, declare as follows:

1. I am an attorney at law licensed to practice before all courts of the state of California and the United States District Court, Central District of California, and am Of Counsel in the law firm of Ogletree, Deakins, Nash, Stewart, & Smoak, P.C., serving as local counsel and attorneys of record for Plaintiff Red Pill VR, Inc. ("Plaintiff") in this action. I have personal knowledge of the facts set forth herein. If called upon as a witness to testify, I could and would competently do so. I submit this declaration for the exclusive purpose of supporting Plaintiff's Ex Parte Application For a Temporary Restraining Order and Order to Show Cause ("Plaintiff's Ex Pate Application").

## Notice to Defendants

2. Pursuant to 7-19.1, we notified Defendants that this *ex parte* application has been filed with this Court by email on September 23, 2020. This notice was sent with copies of Plaintiff's Ex Parte Application to each of the Defendants as well as counsel for Defendants in another dispute that Plaintiff has a reasonable belief may represent Defendants in this matter. A true and correct copy of the email dated September 23, 2020 (without attachments) is attached hereto as **Exhibit A**.

3. Pursuant to this Court's procedures, we notified Defendants that opposition papers must be filed no later than 3:00 p.m. on September 24, 2020. Moreover, Defendants were notified that if they do not intend to oppose the ex parte application, they must inform the Court's clerk at 213-894-2881.

## Good Cause for Ex Parte Application

4. Plaintiff filed its Ex Parte Application and supporting documents because a temporary restraining order and preliminary injunction is warranted on the grounds that Plaintiff will suffer immediate, irreparable harm and the balance of hardships strongly favors Plaintiff. Plaintiff is in immediate need of its valuable proprietary information and trade secrets that Defendant expressly acknowledged

Plaintiff, alone, owns in the parties' bargained-for contract for several important reasons set forth in Plaintiff's Ex Parte Application.  First, Plaintiff's primary customer has purported to terminate its agreement with Plaintiff unless Plaintiff meets certain conditions, which is impossible without Plaintiff's proprietary information that Defendants are holding hostage.  Second, Defendants have made clear they intend to misuse Plaintiff's trade secrets to unfairly compete with Plaintiff, and will likely further disclose the trade secret information, which will jeopardize Plaintiff's business.  Finally, if Defendants are not required to immediately return Plaintiff's trade secrets, Plaintiff will be unable to bring its products to market in a reasonable time and is at risk of losing the entire competitive advantage that it created by developing its cutting edge technology.  As such, there was insufficient time for Plaintiff to file a regularly-noticed motion given the gravity of harm that would arise should Defendants refuse to immediately return Plaintiff's proprietary information as set forth in Plaintiff's Ex Parte Application.

I declare under penalty of perjury pursuant to the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 23rd day of September, 2020.

*/s/ David A. Garcia*
David A. Garica

**DECLARATION OF DAVID A. GARCIA IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ISSUE A PRELIMINARY OR PERMANENT INJUNCTION**