LAW OFFICES OF TODD B. SEROTA
TODD B. SEROTA, State Bar No. 109875
Email: tserota@alum.mit.edu
1601 N. Sepulveda Blvd., #793
Manhattan Beach, California 90266
Telephone: (310) 798-2004
Facsimile: (310) 798-7273

Attorneys for Defendants Redpill Canada VR, Inc., Marc-Antoine Pinard, Dominique Roussy, Jeremy Cooperstock and Parminder Singh

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RED PILL VR, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDPILL CANADA VR, INC., a Canadian Corporation, MARC-ANTOINE PINARD, an individual, DOMINIQUE ROUSSY, an individual, JEREMY COOPERSTOCK, an individual, AND PARMINDER SINGH, an individual.<br><br>Defendants. | Case No. 2:20-cv-8706-SVW<br><br>**REDPILL CANADA VR, INC.S RESPONSE TO RED PILL VR, INC.'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ISSUE A PRELIMINARY OR PERMANENT INJUNCTION**<br><br>[Filed concurrently with Declaration of Todd B. Serota and Proposed Order in support thereof] |

## INTRODUCTION

The undersigned counsel hereby makes a special appearance to file this response to Redpill VR, Inc.'s ("Plaintiff's") ex parte application for Temporary Restraining Order ("TRO") because, as set forth below, none of the complaint,

summons and ex parte application itself have been served on any of the Defendants.

The undersigned counsel was hired at 9:30 a.m. this morning so there is nowhere near sufficient time to prepare a substantive response to Plaintiff's ex part application, but Defendants do not believe that one should be necessary for many reasons, as set forth below. Further, because a response is required by 3:00 p.m. today there was not sufficient time to get a declarations from one or more of the Defendants themselves, and therefore a declaration of the undersigned is being submitted. If the Court requires a declaration from one of Defendants to establish any of the operative facts asserted herein, however, the undersigned will supply such a declaration or declarations given sufficient time.

First and foremost, the complaint, summons and the ex parte application have not been served on any of the Defendants. Second, Plaintiff's counsel submitted a fraudulent "Notice of Related Cases" form because there is a related case pending in Canada between Plaintiff and Defendant Redpill Canada VR, Inc. that arises out of substantially the same facts. Defendants intend on filing a motion to transfer this case to Canada to be consolidated with that action. Third, the Development Services Agreement ("DSA") out of which Plaintiff's claims arise, contains a mandatory dispute resolution provision that first requires informal negotiation between the parties, followed by mediation before JAMS in Los Angeles if that is unsuccessful, followed by mandatory arbitration before JAMS in Los Angeles if mediation is unsuccessful. Therefore, if the case is not transferred to Canada, Defendants will request that this case be dismissed and that Plaintiff be obligated to abide by the dispute resolution procedure specified in the DSA.

If the Court is inclined to require a substantive opposition to the ex parte application for TRO, Defendants respectfully request that Defendant's opposition

be due 7 days from the time the complaint, summons and ex part application are served, but in no event less than 7 days from today.

## I. PLAINTIFF'S EX PARTE APPLICATION FOR TRO SHOULD NOT BE CONSIDERED BECAUSE THE COMPLAINT, SUMMONS AND EX PART APPLICATION ITSELF HAVE NOT BEEN SERVED ON ANY OF THE DEFENDANTS

As noted above, the undersigned counsel was only hired to represent Defendants at 9:30 a.m. this morning, (Declaration of Todd B. Serota ("Serota Dec."), ¶ 2), so it was not possible to file a substantive opposition to Plaintiff's ex parte application. Defendants respectfully submit, however, that this should not be necessary, first and foremost because none of the operative documents in this case (complaint, summons and the ex parte application itself) have been served on any of the Defendants. (Serota Dec., ¶3) Defendants only have copies of the operative documents because an attorney at Plaintiff's New York law firm sent courtesy copies of the documents to Defendants' Canadian counsel. *Id.* Defendants request that the Court summarily deny Plaintiff's ex part application for this reason alone.

## II. NOTHING SUBSTANTIVE SHOULD BE CONSIDERED IN THIS CASE BECAUSE PLAINTIFF SUBMITTED A FRAUDULENT NOTICE OF RELATED CASES FORM; THERE IS A RELATED CASE PENDING IN CANADA

Plaintiff's Notice of Related Cases form filed concurrently with the complaint states that there are no related cases. This is a critical fraudulent misrepresentation because there is a related arbitration pending in Canada between Defendants and Plaintiff Redpill Canada VR, Inc. The case was filed in The Adric Institute of Canada (a well-recognized arbitration organization in Canada) by all of

the individual Defendants against the Plaintiff with the one corporate Defendant impleaded on September 16, 2020 and arises out of the same facts (primarily breach of the DSA at issue in the case at bar). (Serota Dec., ¶4) After the operative documents are actually served on Defendants, they intend on making a motion to transfer this case to Canada to be consolidated with the Canadian arbitration and therefore submit that this Court should not make any substantive rulings unless that motion is denied.

### III. PLAINTIFF'S EX PART APPICATION SHOULD BE SUMMARILY DENIED BECAUSE THE DSA, OUT OF WHICH THE CLAIMS IN THIS CASE ARISE CONTAINS A MANDATORY DISPUTE RESOLUTION PROVISION THAT ULTIMATELY REQUIRES BINDINTG ARBRITRATION

Defendants submit that Plaintiff's ex part application should be summarily denied because the Paragraph 13(g) of the DSA (attached as Exhibit C to Plaintiff's ex parte application), out of which Plaintiff's claims in this case arise, contains a mandatory dispute resolution provision that first requires informal negotiation between the parties, followed by mediation before JAMS in Los Angeles if that is unsuccessful, followed by mandatory arbitration before JAMS in Los Angeles if mediation is unsuccessful.  Therefore, if the case is not transferred to Canada, Defendants will request that this case be dismissed and that Plaintiff be obligated to abide by the dispute resolution procedure specified in the DSA.  If the matter is not resolved by negotiation or mediation, that means it will ultimately be resolved by binding arbitration, not in a proceeding in this Court.

## IV. IF THE COURT DECIDES TO REQUIRE A SUBSTANTIVE OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION, DEFENDANTS REQUEST AN EXTENSTION OF TIME TO FILE AND OPPOSITION

As noted above, the undersigned was only hired at 9:30 a.m. and did not have anywhere near enough time to prepare a substantive opposition to Plaintiff's Ex Parte Application even if the operative documents had actually been served. If the Court is inclined to require a substantive opposition to Plaintiff's ex parte application for TRO, Defendants respectfully request that Defendant's opposition be due 7 days from the time the complaint, summons and ex part application are served, but in no event less than 7 days from today.

## V. CONCLUSION

For the reasons set forth above, Defendants respectfully request that Plaintiff's ex parte application for TRO not be considered on the merits. If the Court is inclined to consider Plaintiff's application on the merits, however, Defendants request an extension of time to respond, also as set forth above.

DATED: September 24, 2020

LAW OFFICES OF TODD B. SEROTA
TODD B. SEROTA

By _____/s/_____
TODD B. SEROTA

Attorneys for Defendants Redpill Canada VR, Inc., Marc-Antoine Pinard, Dominique Roussy, Jeremy Cooperstock and Parminder Singh