UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08706-SVW-JC | Date | 9/25/2020 |
|---|---|---|---|
| Title | *Red Pill VR, Inc. v. RedPill Canada VR, Inc.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**   ORDER DENYING PLAINTTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER [7]

### I.   Introduction

On September 22, 2020, Plaintiff Red Pill VR, Inc., a Los Angeles-based virtual reality developer, filed a complaint against Red Pill Canada VR, Inc. ("RP Canada") and four individuals affiliated with RP Canada.  Dkt. 1.  Plaintiff brings claims for violation of federal and state trade secrets laws, breach of contract, tortious interference with contract, conversion, and violation of California's Unfair Competition Law (UCL).  *Id.*  Plaintiff's complaint was accompanied by an ex parte application for temporary restraining order, seeking to compel Defendants to return proprietary information and submit equipment for inspection, and to prohibit Defendants from disclosing or destroying proprietary information or soliciting business from Plaintiff's customer.  Dkt. 7.

For the reasons articulated below, the Court DENIES Plaintiff's application.  Plaintiff is directed to serve Defendants promptly.  The Court will set a hearing date for Plaintiff's motion for preliminary injunction on October 19, 2020.  Defendants should file a response no later than October 7, 2020.  Plaintiff may file a reply no later than October 12, 2020.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08706-SVW-JC | Date | 9/25/2020 |
|---|---|---|---|
| Title | *Red Pill VR, Inc. v. RedPill Canada VR, Inc.* | | |

**II.   Factual Background**[1]

This case arises out of a contract between Plaintiff and a third-party, Sensorium, to provide virtual reality software for concerts and other events ("Sensorium Contract").  Declaration of Laurent Scallie, Dkt. 7-2 ¶ 7.  Plaintiff founded RP Canada to produce content for Plaintiff under its contract with Sensorium, and Plaintiff became a 45% shareholder in RP Canada.  *Id.* ¶¶ 9-10.  Plaintiff entered into a Development Services Agreement (DSA) with RP Canada, *Id.* ¶ 11, which assigns intellectual property rights to Plaintiff and prohibits RP Canada's use of confidential information.  Dkt. 7, at 3-5.

On August 10, 2020, Sensorium demanded that Plaintiff produce the underlying source code for content that had been delivered under the Sensorium Contract.  Scallie Decl. ¶ 33.  Sensorium indicated in a letter dated September 1, 2020 that it will terminate its contract if Plaintiff does not provide it with specified content within 90 days.  *Id.* ¶ 47.

On August 21, 2020, Plaintiff requested the source code from RP Canada, which refused to comply.  *Id.* ¶ 35, 37.  RP Canada cut off Plaintiff's access to the content it produced and made several demands to restructure the parties' relationship.  *Id.* ¶ 38, 41.  RP also threatened to terminate its engineers, directed one engineer to wipe his work computer, and noted in board meeting minutes on September 11, 2020 that it intended to liquidate hardware and software.  *Id.* ¶¶ 44-46.

On September 16, 2020, RP Canada commenced arbitration in Montreal, Canada.  *Id.* ¶ 51.

**III.   Discussion**

    **a.   Legal Standard**

The purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm until a hearing may be held on the propriety of a preliminary injunction.  *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).  "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction."  *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); *see Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2011).

---

[1] This summary is drawn solely from Plaintiff's ex parte application and accompanying declaration.  Defendant's brief opposition does not respond on the merits to Plaintiff's allegations.  Dkt. 17.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08706-SVW-JC | Date | 9/25/2020 |
|---|---|---|---|
| Title | *Red Pill VR, Inc. v. RedPill Canada VR, Inc.* | | |

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit employs the "serious questions" test, which states "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

    **b. Application**

Both of Plaintiff's arguments fail to meet its burden to show a likelihood of irreparable harm at this stage.

First, Plaintiff argues it will be irreparably harmed because RP Canada will unfairly secure a competitive advantage and disseminate and destroy the value of Plaintiff's proprietary information. Dkt. 7, at 14. Plaintiff's evidence does not support a finding at this stage that these are likely outcomes. Plaintiff relies only on speculation about RP Canada's immediate plans for the content it is holding. While the RP Canada board minutes may "reflect" an "inten[t] to liquidate," Scallie Decl. ¶ 45, and RP Canada may have issued a threat to terminate its engineers, *id.* ¶ 44, Plaintiff does not say when or under what conditions. *See Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("[A] plaintiff must demonstrate immediate threatened injury as a prerequisite to injunctive relief."). That a single engineer was told to wipe his hard drive does not by itself indicate a risk that data will be lost given RP Canada's use of an online software repository. Scallie Decl. ¶¶ 38, 46. Finally, the Court finds probative at this stage that Defendants commenced arbitration, which suggests a desire for orderly resolution without additional unilateral actions. *Id.* ¶ 51.

Second, Plaintiff argues that it will be irreparably harmed because it cannot meet its commitments to Sensorium, impairing its relationship and damaging its reputation. The Court does not find this argument persuasive at this stage. Plaintiff has not demonstrated a likelihood that its anticipated injuries cannot be compensated with damages or that monetary relief cannot be obtained through litigation. *See Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015) (citation omitted) ("Purely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation."); *see also California v. Azar*, 911 F.3d 558, 581 (9th Cir. 2018)

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08706-SVW-JC | Date | 9/25/2020 |
|---|---|---|---|
| Title | *Red Pill VR, Inc. v. RedPill Canada VR, Inc.* | | |

(economic harm may be irreparable where plaintiffs "will not be able to recover monetary damages"). Moreover, Plaintiff has not shown that Sensorium is likely to terminate absent immediate relief. Sensorium has given Plaintiff until November 30, 2020 to turn over requested source code, Scallie Decl. ¶ 47, and Plaintiff has not shown that it will miss the deadline if the source code is obtained from RP Canada in weeks rather than days. Finally, Sensorium is Plaintiff's primary customer, *Id.* ¶ 7, and Plaintiff has not shown that their relationship cannot be repaired through compliance before November 30 or that it has other business prospects affected by this dispute.

Because Plaintiff has not demonstrated a likelihood of irreparable harm at this stage of the proceedings, the Court declines to analyze the remaining factors. Likelihood of irreparable harm is required to obtain injunctive relief. *See Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."); *see also Center for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) (quoting *All. For the Wild Rockies*, 632 F.3d at 1131) ("After *Winter*, 'plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction.'"). Even if each of the remaining factors weighed heavily in Plaintiff's favor, the Court's conclusion as to likelihood of irreparable harm would preclude a temporary restraining order. *See Perfect 10, Inc. v. Google*, 653 F.3d 976, 982 (9th Cir. 2011) (affirming denial of injunctive relief "[b]ecause [Plaintiff] has failed to satisfy this necessary requirement"); *Ctr. for Food Safety*, 636 F.3d at 1174 ("Because Plaintiffs have failed to show that they are 'likely to suffer irreparable harm in the absence of preliminary relief,' … we need not address the district court's analysis of the remaining elements of the preliminary injunction standard.").

### IV. Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's ex parte application for a temporary restraining order. The Court will adjudicate Plaintiff's motion for preliminary injunction promptly after Defendants have an opportunity to respond in accordance with the briefing schedule described above.

IT IS SO ORDERED.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |